UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION


JANE KESKITALO, and
DAVID KESKITALO
      Plaintiffs


 -vs-                             Case No.
                                     Hon.

SUNPATH LTD.,
ANDREW GARCIA,
JOSEPH ABRAHAM,
SCOTT MCMILLAN,
RICHARD SCANLON, and
JAMES KELLEY
       Defendants.


## COMPLAINT & JURY DEMAND

*Jane  Keskitalo and David Keskitalo state  the following claims for relief:*

### Jurisdiction

1.      This court has jurisdiction under the Telephone Consumer Protection Act ("TCPA"), 47

U.S.C. § 227 and 28 U.S.C. §§1331,1337.

2.      This court may exercise supplemental jurisdiction over the related state law claims arising

out of the same nucleus of operative facts which give rise to the Federal law claims.

### Parties

3.      The Plaintiffs to this lawsuit are as follows:

      a.      Jane Keskitalo who resides in Livonia, MI 48150.

      b.       David Keskitalo who resides in  Vancouver, WA 98663.

4.      The Defendants to this lawsuit are as follows:

      a.      SunPath LTD. ("SunPath") which is a Delaware corporation doing business in

Michigan maintaining an office address at 50 Braintree Hill Office Park, Braintree, MA 02184, and whose resident agent, National Registered Agents, Inc., maintains its office at 40600 Ann Arbor Rd E Suite 201, Plymouth, MI  48170.

b.    Andrew Garcia ("Mr. Garcia"), who is the Chairman, President, Vice President and Treasurer of SunPath LTD and maintains an address at 695 E. 7th Street, South Boston, MA 02127.

c.    Joseph Abraham ("Mr. Abraham"), who is the Vice Chairman and Secretary of SunPath LTD and maintains an address at 27 Riverpoint Drive, Pembroke, MA 02359.

d.    James Kelly ("Mr. Kelly), who is the Corporate Financial Officer of SunPath LTD.

e.    Scott McMillan ("Mr. McMillan"), who is a Director of SunPath LTD and maintains an address at 746 N. Marion, Oak Park IL 60302.

f.    Richard Scanlon ("Mr. Scanlon") who is the Director of SunPath LTD and maintains an address at 61 Startop Drive, Montauk, NY 11954.

## **Venue**

5.    The transactions and occurrences which give rise to this action occurred in Wayne County.

6.    Venue is proper in the Eastern District of Michigan.

## **General Allegations**

7.    Ms. Keskitalo maintains a cell phone in order to maintain personal contacts with family, friends, and as a device through which she can seek emergency help.

8.    The service for her cell phone is via a "cellular telephone service" as described in 47 U.S.C. § 227(b)(1)(A)(iii).

9.    Mr. Keskitalo and Ms. Keskitalo share a cellular phone plan for purposes of financial cost

mitigation.

10.     In or around August 2015, SunPath LTD began calling Ms. Keskitalo on her cell phone.

11.     Over a period of months in 2015 through April 2017, SunPath LTD called Ms. Keskitalo on a nearly daily basis and sometimes multiple times a day.

12.     On or around May 2017, over the course of about two days, SunPath LTD called Ms. Keskitalo over 240 times.

13.     At all times material and relevant hereto, SunPath LTD used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. § 227 (a)(1) and 47 C.F.R. 64.1200(f)(1).

14.     Mr. Garcia is the Chairman, President, Vice President, and Treasurer of SunPath.

15.     Upon information and belief, Mr. Garcia manages the operations of SunPath, owns/manages/operates an Automatic Telephone Dialing System ("ATDS") as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2), oversees telephone sales activity of SunPath, designed and drafted the procedures and tactics to sell warranty products on behalf of SunPath, benefitted from the unlawful use of an ATDS for purposes of selling warranties, controls the day-to-day operations of SunPath, indirectly engaged in warranty sales using the instrumentalities of interstate commerce and an ATDS to deliver prerecorded voice messages to Ms. Keskitalo.

16.     Mr. Abraham is the Vice Chairman and Secretary of SunPath.

17.     Upon information and belief, Mr. Abraham manages the operations of SunPath, owns/manages/operates an Automatic Telephone Dialing System ("ATDS") as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2), oversees telephone sales activity of SunPath, designed and drafted the procedures and tactics to sell warranty products

on behalf of SunPath, benefitted from the unlawful use of an ATDS for purposes of selling warranties, controls the day-to-day operations of SunPath, indirectly engaged in warranty sales using the instrumentalities of interstate commerce and an ATDS to deliver prerecorded voice messages to Ms. Keskitalo.

18.  Mr. Kelly is the Corporate Financial Officer of SunPath.

19.  Upon information and belief, Mr. Kelly manages the operations of SunPath, owns/manages/operates an Automatic Telephone Dialing System ("ATDS") as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2), oversees telephone sales activity of SunPath, designed and drafted the procedures and tactics to sell warranty products on behalf of SunPath, benefitted from the unlawful use of an ATDS for purposes of selling warranties, controls the day-to-day operations of SunPath, indirectly engaged in warranty sales using the instrumentalities of interstate commerce and an ATDS to deliver prerecorded voice messages to Ms. Keskitalo.

20.  Mr. McMillan is a Director of SunPath.

21.  Upon information and belief, Mr. McMillan manages the operations of SunPath, owns/manages/operates an Automatic Telephone Dialing System ("ATDS") as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2), oversees telephone sales activity of SunPath, designed and drafted the procedures and tactics to sell warranty products on behalf of SunPath, benefitted from the unlawful use of an ATDS for purposes of selling warranties, controls the day-to-day operations of SunPath, indirectly engaged in warranty sales using the instrumentalities of interstate commerce and an ATDS to deliver prerecorded voice messages to Ms. Keskitalo.

22.  Mr. Scanlon is a Director of SunPath.

23.  Upon information and belief, Mr. Scanlon manages the operations of SunPath, owns/manages/operates an Automatic Telephone Dialing System ("ATDS") as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2), oversees telephone sales activity of SunPath, designed and drafted the procedures and tactics to sell warranty products on behalf of SunPath, benefitted from the unlawful use of an ATDS for purposes of selling warranties, controls the day-to-day operations of SunPath, indirectly engaged in warranty sales using the instrumentalities of interstate commerce and an ATDS to deliver prerecorded voice messages to Ms. Keskitalo.

24.  SunPath LTD placed these calls using an automatic telephone dialing system.

25.  SunPath LTD placed these calls conveying a message with an artificial voice or prerecorded message.

26.  SunPath LTD spoofs their phone number, utilizing temporary local phone numbers to compel consumers to answer the phone thinking it is someone they know.

27.  SunPath LTD spoofs their phone number to disguise their true identity.

28.  SunPath LTD spoofs their phone number to prevent consumers from identifying them for purposes of filing complaints and lawsuits.

29.  In the calls to Ms. Keskitalo, when Ms. Keskitalo was able to reach a live representative, SunPath was regularly asking to speak to an individual named "Randy" regarding an auto warranty plan.

30.  Ms. Keskitalo is not Randy, that is her mother's name.

31.  Ms. Keskitalo does not conduct business with SunPath LTD.

32.  On May 15, 2017, Ms. Keskitalo received a call suggesting the caller was in Jupiter Florida.

33.  On May 15, 2017, Ms. Keskitalo remained on the line and listened through the automated

voice prompts and pushed a number corresponding to a request to speak to a live SunPath LTD representative.

34.   When Ms. Keskitalo reached a human representative, she pretended to be interested in the warranty product for purposes of securing the true identify of the caller.

35.   That human representative stated his name was Jason ("Jason Doe") and he was calling from "Dealer Processing Center."

36.   Upon believing that Ms. Keskitalo intended to purchase the warranty product, Jason Doe transferred Ms. Keskitalo to someone identifying herself as Meredith ("Meredith Doe").

37.   Meredith Doe disclosed that she worked for SunPath LTD and that their website was GoSunPath.com.

38.   Ms. Keskitalo asked Meredith Doe where they were located.

39.   Meredith Doe suggested that she was calling from the Palm Beach office and that SunPath is headquartered in Brainard.

40.   To secure a return phone number for SunPath, Ms. Keskitalo suggested that she had forgotten her wallet at home and would call back the next day to make a payment.

41.   At this point, Meredith Doe disclosed to Ms. Keskitalo that (800) 297-4044 was the phone number for SunPath.

42.   Ms. Keskitalo has previously asked SunPath LTD to stop calling her.

43.   Ms. Keskitalo is on the national do not call list.

44.   For nearly two years, SunPath LTD has used its ATDS to call Ms. Keskitalo multiples times a day.

45.   For nearly two years, SunPath LTD has continuously conveyed messages to Ms. Keskitalo using an artificial voice or a prerecorded message.

**COUNT  I   – Telephone Consumer Protection Act of 1991 ("TCPA") and 47 C.F.R. 16.1200 *et seq.*  (All Defendants)**

46.     Ms. Keskitalo incorporates the preceding allegations by reference.

47.     These Defendants have  negligently violated the TCPA, 47 U.S.C. § 227 *et seq.*,  in relation to Ms. Keskitalo.

48.     As a result of Defendants' negligent violations of the TCPA, Ms. Keskitalo may recover statutory damages of $500.00 for each and every call in violation of the statute.

49.     Alternatively, Defendants have  knowingly or wilfully violated the TCPA in relation to Ms. Keskitalo.

50.     As a result of Defendant's willful violations of the TCPA, Ms. Keskitalo  may recover statutory damages of up to $1,500.00 per call in violation of the statute.

**Demand for Jury Trial**

51.     Plaintiffs demand trial by jury in this action.

**Demand For Judgment for Relief**

52.     *Accordingly, Plaintiffs request that the Court grant:*

    *a.     Actual damages for items including emotional distress, mental anguish, frustration, humiliation and embarrassment;*

    *b.     Statutory damages; and*

    *c.     Any other relief deemed proper by this Court.*

Respectfully Submitted,


By:  s/ Sylvia Bolos
Sylvia Bolos (P78715)
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney For Jane Keskitalo
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
SylviaB@MichiganConsumerLaw.com

Dated: June 2, 2017