UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

JANE KESKITALO,

      Plaintiff,

 -vs-

SUNPATH, LTD.
*et al*.,

      Defendants.

Case No. 2:17-CV-11761
Hon. Bernard A. Friedman
Magistrate Judge: Mona K. Majzoub

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR ENTRY OF A PROTECTIVE ORDER

For the reasons set forth in the following brief, Jane Keskitalo ("Plaintiff") requests the Court deny SunPath Ltd.'s ("SunPath"), and Andrew Garcia's ("Garcia"), Joseph Abraham's ("Abraham"), Scott McMillan's ("McMillan"), Richard Scanlon's, ("Scanlon"), and James Kelley's ("Kelley") (collectively, "Defendants") Motion for entry of a protective order.

Respectfully Submitted,


By:  s/ Sylvia S. Bolos

1

Sylvia S. Bolos (P78715)
Ian B. Lyngklip (P47173)
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorneys for Jane Keskitalo
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
PHONE: (248) 208-8864
SylviaB@MichiganConsumerLaw.Com
Ian@MichiganConsumerLaw.com

Dated: February 27, 2018

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

JANE KESKITALO,

     Plaintiff,

 -vs-                          Case No. 2:17-CV-11761
                                    Hon. Bernard A. Friedman
                                    Magistrate Judge: Mona K. Majzoub

SUNPATH, LTD.
*et al*.,

     Defendants.

## BRIEF IN SUPPORT OF
## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR ENTRY OF
## A PROTECTIVE ORDER

### Issue to Be Resolved by Motion

*The Defendants bring this motion for a protective order after having*

*been offered an order drafted by Plaintiff which complied in all respects*

*with Rule 26 and offered all the protections which Rule 26 might*

*reasonably afford confidential documents.  In response, Defendants*

*demand the ability to withhold documents based on "confidentiality"*

*and demand further unspecified protections.  Should the Court enter a*

*blanket protective order which permits Defendants to withhold documents based on confidentiality?*

## Principal Authorities Relied Upon

Fed. R. Civ. P. 26(c)

*Gillard v. Boulder Valley Sch. Dist. Re.-2*, 196 F.R.D. 382, 386–87 (D. Colo. 2000)

*United Phosphorous Ltd. v. Fox*, No. 03-2024-JWL, 2003 WL 21241847, at *1–2 (D. Kan. May 2, 2003)

*Kinetic Concepts, Inc. v. Convatec Inc.*, No. 1:08CV00918, 2010 WL 1947605, at *3 (M.D.N.C. May 13, 2010)

*Lopez v. Suncor Energy (U.S.A.) Inc.*, No. 11-CV-00081-LTB-BNB, 2012 WL 426703, at *1 (D. Colo. Feb. 10, 2012)

*Hanesbrands Inc. v. Van Stevenson*, No. 1:09CV490, 2010 WL 1286669, at *2–3 (M.D.N.C. Mar. 29, 2010)

*Paine v. City of Chicago*, No. 06C3173, 2006 WL 3065515, at *6 (N.D. Ill. Oct. 26, 2006)

*Parkway Gallery Furniture, Inc. v. Kittinger/Pennsylvania House Grp., Inc.*, 121 F.R.D. 264, 267–68 (M.D.N.C. 1988)

*Drape v. UPS, Inc.*, No. CIV.A. 12-2172 KHV, 2012 WL 4933319, at *2–3 (D. Kan. Oct. 16, 2012)

*Wiese v. Centex Homes*, No. CIVA 08CV00377ZLWMEH, 2008 WL 5428001, at *2 (D. Colo. Dec. 31, 2008)

*Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc.*, No. 95 CIV. 8833 RPP, 1999 WL 76938, at *6 (S.D.N.Y. Feb. 16, 1999)

## Introduction

The parties have agreed to the entry of a blanket protective order to facilitate the exchange of discovery. Defendants' draft reserves the right to withhold documents which Defendants deem sensitive so that they can request additional protections. Defendants concede that they do not know what types of documents may require additional protections. Nor have Defendants identified what protections might be lacking from Plaintiff's proposed order. Where parties have proposed competing protective orders, case law requires the party seeking the more restrictive order to establish the need for the additional restrictions. Because Defendants have conceded that they do not know what documents might need additional protection or what protection might be needed, they cannot sustain their burden of proof.

Moreover, the entire purpose of a blanket protective order is to facilitate the exchange of confidential discovery material. These orders relieve the court of the burden of unnecessary document-by-document review by creating a process for the parties to identify confidential documents and narrowing areas of disputes as to those designations. Because Defendants' proposal reserves the right to unilaterally withhold documents without engaging in this process, its proposed order undermines

the entire purpose of a "blanket" protective order – namely to exchange confidential discovery material – and instead provides a mechanism for withholding materials.

Because Defendants have failed to carry their burden of proof and Defendant's proposed order fails of its essential purpose,

the Court should reject Defendants' proposed order and enter Plaintiff's less restrictive proposed order.

## **The Motion**

On January 30, 2018, Plaintiff tendered to Defendants a proposed protective order that is based on the model protective order of the Northern District of Illinois. Plaintiffs proposed order was compliant with Rule 26(c) and entitled the parties to the requisite protections. The Parties ultimately were not able to reach agreement on the protective order in large part due to opposing views as to the application of the order.

At issue is a provision which requires Defendants to turn over their "confidential" documents if responsive and avail themselves of the limitations in the protective order. Specifically, Defendants demand the ability to withhold responsive information and documents if Defendants believe that the documents deserve more protection.

7

The parties exchanged emails concerning this draft.  (Exhibit 2 – *February 13 Defendant's Email*; Exhibit 3 – *January 31 Defendant's Email*; and Exhibit 4 – *February 1 Plaintiff's Email*.)  On February 13, 2018 the parties met and conferred to attempt to resolve the discrepancy without waste of judicial resources. Defendant's counsel was not able to identify a single document or category of documents currently deserving of protections outside of those contemplated in the proposed order.  Likewise, Defendant failed to identify any protections beyond those in the proposed draft that could be warranted.

## Standard of Review

Rule 26(c) permits the Court to enter a protective order upon a showing of "good cause."   Such protective orders are particularly appropriate where the expected documents involve "confidential business information that Defendants feared could be used by Defendants' competitors to gain a business advantage," *Longman v. Food Lion, Inc.*, 186 F.R.D. 331, 333 (M.D.N.C. 1999).

Courts may use three kinds of protective orders that courts utilize to limit the discovery or dissemination of confidential or private information: (1) particular protective orders; (2) blanket protective orders; and (3) umbrella protective orders. *United Phosphorous Ltd. v. Fox*, 2003 WL 21241847, at *1–2 (D. Kan. May 2,

2003).   Blanket protective order delegates to the parties the initial burden of determining what information is entitled to protection.

> Normally, a blanket protective order requires that counsel for a producing party review the information to be disclosed and designate the information it believes, in good faith, is confidential or otherwise entitled to protection. The designated information is thereafter entitled to the protections afforded by the blanket protective order unless the designation is objected to by an opposing party. Judicial review of a party's designation as confidential occurs only when there is such an objection which the parties cannot resolve by agreement.

*United Phosphorous Ltd, id.* (footnotes omitted).

A "blanket" protective order 'permits the parties to protect documents that they in good faith believe contain trade secrets or other confidential commercial information' *Bayer AG and Miles, Inc. v. Barr Labs., Inc.*, 162 F.R.D. 456, 463–64 (S.D.N.Y.1995).  A court may enter a "blanket" protective provided that the judge: (1) satisfies herself that the parties know what the legitimate categories of information are and are acting in good faith in deciding which parts of the record qualify for protection, and (2) makes explicit that either party or interested member of the public can challenge a designation of confidentiality.  *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999).

The agreement of all parties is not required to enter a blanket protective order. *United Phosphorous Ltd, id.*   The burden of proof rests with the party seeking the confidentiality protection. *Gillard*. (citing *Parkway Gallery Furniture, Inc. v. Kittinger/Penn. House Group, Inc.*, 121 F.R.D. 265, 268 (M.D.N.C.1988)).  Where both parties propose competing protective orders, the burden of persuasion falls on the party seeking the more restrictive protective order.  *Saint Louis Univ. v. Meyer*, No. 4:07–CV–1733 (CEJ), 2008 U.S. Dist. LEXIS 29371, at *1–3, 2008 WL 1732926 (E.D.Mo. Apr. 10, 2008).

In determining whether to issue a "blanket" protective order, the court need only require a generalized showing of "good cause" rather than a document-by-document showing.  *Parkway Gallery Furniture, supra.*

### Law & Argument

**1.**  **Defendants have failed to meet the requirements for issuance of a "more restrictive" protective order under Rule 26(c).**

In this case, Defendants seek entry of a protective order that entitles them to withhold documents based upon the possibility that they may later learn of documents requiring heighted protection.  Defendants fail to point to a single document or category of documents that could potentially necessitate heightened protections. (Exhibit 2 – *February 13 Defendant's Email*, "…objectionable, as it

10

limits our rights to seek additional protections should the need arise.").  With this argument, Defendants concede they are unaware of any documents requiring this hypothesized protection.  Likewise, they have failed to identify the additional protections which these hypothetical documents may require.  (Exhibit 3 – *January 31 Defendant's Email*, "I can't predict the future and it is not appropriate for me to commit to agreeing that this is an adequate protection for all documents without knowing what may end up being at issue"; Exhibit 4 – *February 1 Plaintiff's Email*, "We do not wish to negotiate a PO providing protection for confidential documents only to find later that documents and information have been withheld due to confidentiality.")

On February 12, 2018, Plaintiff served written interrogatories and requests for production.  (Exhibit 5 – *February 12 Plaintiff's Email serving Discovery*; Exhibit 6 – *Plaintiff's Served Interrogatories*; and Exhibit 7 – *Plaintiff's Served Requests for Production[1]*).  During the February 13, 2018 telephonic conference of the parties to discuss the protective order, despite having Plaintiffs written discovery in-hand,

---

[1] Plaintiff served unredacted written discovery to Defendants and will make available to the Court a copy of the unredacted written discovery as well, upon request.

Defendants continued to object to the less restrictive Protective Order and continued to fail to establish the need for heightened protections.

And while a generalized showing of good cause suffices, and a document-by-document showing is not required (*Wiese v. Centex Homes*, 2008 WL 5428001, *2 (D. Colo. Dec. 31, 2008)), Defendants still bear the burden of establishing why a more restrictive order is required (*Saint Louis Univ., supra*).  Because Defendants have failed to identify the documents requiring additional protection or the nature of the additional protections, Defendants have failed to carry their burden of proof.  The mere assertion that a party could potentially have documents that are of a proprietary nature falls short of establishing grounds for a protective order with heightened protections.  See, *Composite Marine Propellers, Inc. v. Van Der Woude*, 962 F.2d 1263, 1266 (7th Cir.1992).

Indeed, Defendants have not even attempted to do so.

For this reason, the Court should deny Defendants' motion and enter the less restrictive order proposed by Ms. Keskitalo.  (Exhibit 8 – *Plaintiff's Proposed Protective Order*[2])

---

[2] The Parties have negotiated and substantially agreed to this Order, but for the first two paragraphs.

2.   **Defendants proposed protective order "fails of its essential" purpose by impairing the orderly exchange of discovery materials and inviting unnecessary motion practice.**

The Court should also reject Defendants' proposed Order for a more pragmatic reason:  As revised by Defendants, the Order provides a basis for concealing "confidential" information, not exchanging it.  Certainly, if Defendant's could establish the need for heightened protections now, then it would behoove the parties to enter an Order in the first instance that accounted for those needs and provided for the exchange of confidential documents that are relevant to the case.

As noted by virtually every court to have considered it, "blanket" protective orders assist the court by relieving the Court of the need for a document-by-document review and facilitating the exchange of these documents between the parties.  These orders delegate this heavy lifting to the attorneys for the parties, who will jointly act in good faith to identify the documents requiring protection.  The "blanket" order achieves this salutary objective by providing for a process of review, objection, and conference among counsel.  See *Citizens, supra*.

The revisions to the order proposed by Defendants side steps this objective of facilitating the exchange of confidential documents and puts in its place a process where Defendants may unilaterally *withhold* documents without any review and no

specific duty to meet and confer, or a timeline for bringing the matter to the court. Instead of providing for joint resolution of confidentiality designation, Defendants' revisions to the order allocates an unfettered ability to withhold documents upon Defendants own say so.

Rather than complete the necessary inquiry to understand the nature of the documents to be exchanged and the reasonable measures needed to protect them, Defendants seek to defer that inquiry and reserve the right for unnecessary motion practice.  Thus, instead of preserving judicial resources -- a purpose for which protective orders are intended to serve -- Defendant's proposition would only serve to marry the parties and the court to voluminous and costly discovery battles.  Given such a design, there is little purpose served in entering such a futile protective order in the first place, and Defendants' proposed order invites more motion practice concerning their production.  As at least one court has observed, where the parties themselves cannot agree to a blanket order, the court should not anticipate that any resulting blanket protective order will facilitate orderly and efficient discovery. See e.g. *Lopez v. Suncor Energy (U.S.A.) Inc.*, No. 11-CV-00081-LTB-BNB, 2012 WL 426703, at *1 (D. Colo. Feb. 10, 2012).

14

Because Defendants' revisions to the proposed order reserve the right to unilaterally withhold confidential documents rather than exchanging them, those revisions to the proposed order will not facilitate the efficient and orderly exchange of documents.  For this reason, the Court should deny the motion.

## <u>Conclusion</u>

Defendants have conceded that they do not know which documents might need additional protection, or what sort of protection those documents might need. In the absence of any such proof, the Court should reject Defendants' request for an unfettered ability to withhold any documents based on confidentiality.  Such a request runs contrary to the purpose of a blanket protective order and would embed the seeds of future motion practice within an order which ought to be designed to relieve the Court of such unnecessary motion practice.

For these reasons, the Court should reject Defendants' proposed order and enter the proposal submitted by Ms. Keskitalo.  (Exhibit 8 – *Plaintiff's Proposed Protective Order*[3])

---

[3] The Parties have negotiated and substantially agreed to this Order, but for the first two paragraphs.

15

Respectfully Submitted,


By: s/ Sylvia S. Bolos
Sylvia S. Bolos (P78715)
Ian B. Lyngklip (P47173)
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorneys for Jane Keskitalo
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
PHONE: (248) 208-8864
SylviaB@MichiganConsumerLaw.Com
Ian@MichiganConsumerLaw.com

Dated: February 27, 2018

16

## Certificate of Service

I hereby certify that the foregoing Response to Defendants Motion for Entry of a Protective Order was electronically filed with the Court on February 27, 2018. Notice of this filing will be sent by operation of the Court's case management and electronic case filing system. Parties may access this filing through the Court's case management and electronic filing system.

Respectfully Submitted,

By: s/ Sylvia S. Bolos
Sylvia S. Bolos (P78715)
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorneys for Jane Keskitalo
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
PHONE: (248) 208-8864
SylviaB@MichiganConsumerLaw.Com

Dated: February 27, 2018

17