

# LYNGKLIP & ASSOCIATES
## CONSUMER LAW CENTER, PLC
*PROTECTING MICHIGAN CONSUMER RIGHTS SINCE 1993*

**Ian B. Lyngklip**
Ian@MichiganConsumerLaw.com
**Priya Bali**
Priya@MichiganConsumerLaw.com
**Sylvia Bolos**
SylviaB@MichiganConsumerLaw.com
**Wedad Ibrahim**
WedadI@MichiganConsumerLaw.com
*of Counsel* Julie A. Petrik & Gary M. Victor

24500 Northwestern Highway, Suite 206, Southfield, MI 48075 • 248-208-8864 • www.MichiganConsumerLaw.com

February 12, 2018

Beth-Ann Krimsky
Greenspoon Marder, LLP
200 East Broward Blvd., Ste. 1800
Fort Lauderdale, FL 33301

Matthew S. Ponzi
Foran Glennon
222 N. LaSalle St., Ste. 1400
Chicago, IL 60601

David R. Baxter
Gallagher Sharp, LLP
211 West Fort Street, Ste. 660
Detroit, MI 48226

Re: **Keskitalo v SunPath, Ltd.** *et al.*
**Eastern District of Michigan -- Southern Division**
**Case 2:17-cv-11761**

Counsel:

Enclosed please find Plaintiff's First Set of Interrogatories to SUNPATH LTD. and Certificate of Service. Please respond to these in the usual fashion. If you encounter any difficulties in responding or anticipate any objections, please contact my office in advance of your response so that we can resolve any difficulties informally.

Very truly yours,

LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC

Sylvia S. Bolos

cc: Jane Keskitalo

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

JANE KESKITALO

    Plaintiff,

-vs-                                          Case No. 2:17-CV-11761
                                                 Hon. Bernard A. Friedman
                                                 Magistrate: Mona K. Majzoub

SUNPATH, LTD.
*et al.*

    Defendants.

## JANE KESKITALO'S FIRST SET OF INTERROGATORIES TO SUNPATH LTD.

Pursuant to Rule 26 and 33 of the Federal Rules of Civil Procedure, the Plaintiff, Jane Keskitalo, serves upon Defendant Sunpath, Ltd. ("SunPath") the following Interrogatories.

## INSTRUCTIONS AND DEFINITIONS

1. Within thirty (30) days of the date of service of Plaintiff's First Set of Interrogatories, the Interrogatories are to be answered under oath and returned to the undersigned attorneys for Plaintiff. Please serve all counsel.

2. Defendant is required to produce all the requested documents which are in its possession, custody or control, including (by way of illustration only and not limited to) documents in the possession, custody or control of Defendant or its affiliates, or its merged and acquired predecessors, its present and former directors, officers, partners, employees, accountants, attorneys or other agents, its present and former independent contractors over which it has

1

control, and any other PERSON OR ENTITY acting on Defendant's behalf.

3. The term "SunPath", "Defendant", "you" and "your" shall mean SunPath, Ltd., including but not limited to its affiliates and subsidiaries together with its officers, directors, employees, representatives, agents, attorneys, successors, and assigns.

4. "PLAINTIFF" means Jane Keskitalo.

5. If a DOCUMENT responsive to these requests was at any time in Defendant's possession, custody or control but is no longer available for production, as to each such DOCUMENT state the following information:

    a. Whether the DOCUMENT is missing or lost;

    b. Whether the DOCUMENT has been destroyed;

    c. Whether the DOCUMENT has been transferred or delivered to another PERSON and/or ENTITY and, if so, at whose request;

    d. Whether the DOCUMENT has bene otherwise disposed of; and

    e. The circumstances surrounding the disposition of the DOCUMENT and the date of its disposition.

6. Wherever the word "or" appears herein, the meaning intended is the logical inclusive "or," i.e., "and/or."

7. These Requests shall be deemed continuing so as to require seasonable supplemental responses as the Defendant or its attorneys obtain further information or materials from the time its answers are served until the time of trial.

8. "DOCUMENT" or "DOCUMENTS" as used herein shall refer to all writings of every kind pertaining to the subject-matter of this litigation including, but not limited to, the original

2

or any legible copy of all records, letters, correspondence, appointment books, diaries, files, notes, statements, memoranda or minutes of meetings, conferences and telephone calls, receipts, written reports or opinions of investigators or experts, status reports, drawings, press releases, charts, photographs, negatives, brochures, lists, messages, email messages, intranet messages, citizen complaints, schedules, manuals, technical notes or standards, expense accounts, financial statements or audit reports, tickets, infractions, dockets, judgments, collections actions, court files, however produced or reproduced or archived or stored, within YOUR possession or subject to YOUR control, of which YOU have knowledge or to which YOU now have or previously had access, including all ELECTRONICALLY STORED INFORMATION.

9. "ELECTRONICALLY STORED INFORMATION" ("ESI") as used herein has the same full meaning as construed by Fed. R. Civ. P. 26 and 34 and includes, without limitation, the following:

   a. Activity listings of electronic mail receipts and/or transmittals;

   b. Output resulting from the use of any software program, including without limitation word processing DOCUMENTS, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger (or similar program) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether such electronic data exist in an active file, deleted file, or file fragment; and

   c. Any and all items stored on computer memories, hard disks, network servers,

3

    individual computer workstations or clients, thumb drives, jump drives, CDs, DVDs, cloud servers, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other vehicle for digital data storage and/or transmittal, including without limitation a personal digital assistant, smartphone and/or tablet, e.g., iPhone, Droid, Blackberry, Galaxy, HTC, iPad, iPod, Kindle, Nook or other device. PLAINTIFF requests that ESI be processed and produced in a manner that preserves all metadata and that the parties confer regarding the production of metadata and the form or any electronic production prior to the gathering or processing of ESI.

10. "AUTOMATIC TELEPHONE DIALING SYSTEM" OR "ATDS" means equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers, as defined by 47 U.S.C. § 227(a)(1).

11. "CALLS" or "CALL" means those AUTOMATED CALLS made by Defendants or Defendants VENDOR to PLAINTIFF at any time from four years before the filing of the complaint to the present, including all CALLS made by an ATDS or predictive dialer.

12. "POLICY" or "POLICIES" means any practice, procedure, directive, routine, rule, course of conduct or code of conduct, written or unwritten, formal or informal, recorded or unrecorded, which were or have been recognized, adopted, issued or followed by YOU.

13. "YOU" or "YOUR" means Defendants and/or any managers, directors, administrators, officers, executives, agents, contractors, fiduciaries, all employees or other representatives of Defendants.

14. "DATABASE" or "DATABASES" includes any collection of data defined so that it can

be reorganized and accessed in a number of different ways; any collection of data for one or more purposes, usually in digital form; a comprehensive collection of related data organized for convenient access, generally in a computer; a collection of information that is organized so that it can easily be accessed, managed, and updated; or a structured set of data held in a computer.

15. "PERSON" or "PERSONS" means any individual, partnership, association, corporation, joint venture, governmental or administrative body, or other business or legal entities.

16. "VENDOR" or "VENDORS" means any THIRD PARTY under contract with, hired by, employed by, paid by, or working for YOU to make AUTOMATED CALLS.

17. "TCPA" means Telephone Consumer Protection Act, 47 U.S.C. § 227.

## INTERROGATORIES

1. **INTERROGATORY**: Identify each and every person having knowledge of facts or having formed any opinions relating to any of the events or allegations underlying this lawsuit or any defense to it. Your answer should include the identity of the technology employees/officers responsible for programming and maintaining your equipment for dialing consumers or conveying prerecorded or artificial voices messages; each of your employees or agents who have been identified in the answers to these interrogatories, whose names or employee identifications appear in any documents produced by you, or who handled or supervised any matters in connection with the underlying account, any disputes concerning the underlying account, and any of your communications with Plaintiff.

**RESPONSE**:

5

2. **INTERROGATORY**: For each person identified in your responses to these interrogatories or in your disclosures under Rule 26, please describe the topics about which each person has knowledge or an opinion, whether that person has personal knowledge of the facts, events or circumstances of any communication with any Plaintiff. If that person has such personal knowledge, please set forth the foundation for that personal knowledge and a description of the facts

**RESPONSE**:

3. **INTERROGATORY**: Identify any third party to whom you have outsourced or with whom you have contracted to call consumers on your behalf and identify the telephone numbers from which that person or entity called consumers on your behalf.   Please include letter mailers and autodialing companies.

**RESPONSE**:

4. **INTERROGATORY**: Identify all possible sources of information and ESI that might bear on whether Plaintiff has demanded that you stop calling her or notified you that she is the wrong person.  Likely sources of information may be account notes, and computer records of pressing a particular digit on their telephone to notify you.

**RESPONSE**:

5. **INTERROGATORY**: Please identify and describe each and every communication to or from you to any Plaintiff, whether in writing or via telephone. For each written communication, identify the send date and the purpose of the communication. For each telephonic communication, state the date and time of the call, the purpose of the call, the true name of the individual or computer system initiating the call, the phone number from which the call was initiated, the phone number that was dialed, the identity of the telecommunications service provider whose service was used to carry calls initiated by you, whether the call was initiated by you and if so whether it was initiated by an autodialing system. In describing the call, please set forth the contents of the call, including all messages conveyed to Plaintiff, whether you conveyed a prerecorded or artificial voice message and whether the content of the call was captured by electronic means. For each call initiated by a dialer, include the make, model, physical location of the dialer and the purpose for which the dialer(s) are used.

**RESPONSE**:

7

6. **INTERROGATORY**: Identify your source for all your contact and identifying information relating to Plaintiff including her phone number. This should include the source of the information, the type of information your received and the date on which you received it and the form in which you received it.

   **RESPONSE**:

7. **INTERROGATORY**: Identify any document, recording, evidence or any other information you intend to rely upon to establish that Plaintiff granted consent to call her cell phone.

   **RESPONSE**:

8. **INTERROGATORY**: For each document provided by you which was stored and produced from electronically stored information, identify the computer hardware and software used to store and/or retrieve the document, the system administrator responsible for maintaining the system, and the individual who retrieved the document.

   **RESPONSE**:

8

9. **INTERROGATORY:** Please identify each location where you engage in calls to consumers. These locations should include any address where you or your systems initiate calls whether manually or by autodialer, call centers, document preparation centers, document receipt centers, data processing centers, and business offices. For each such location, please also provide a description of the activities that go on at that location and the identity of any of your staff that are identified elsewhere in these interrogatories who perform job duties at that location as well as any telephone numbers that are associated with that location, and the purpose for their calls to consumers.

**RESPONSE**:

10. **INTERROGATORY**: Identify by name, publisher, publisher's address, vendor and vendor's address, any software which you use to maintain, report or communicate any information relating to your outgoing calls. Your answer should include the identity of any document management system used to store, manage and retrieve electronic documents or other electronically stored information relating to your outgoing calls, as well as any software or hardware used to communicate electronically or telephonically with Plaintiff and any that records any information about such communications. In identifying each

9

system, you should describe the general functions served by the system and identify the system operator or IT management person responsible for the system.

**RESPONSE**:

11. **INTERROGATORY**: Identify each telephone number and service provider including address and contact phone number, for every telephone number which has been used by you in the preceding 3 years to call consumers. Include service providers who provide VOIP services which are used to initiate or receive telephonic communications.

**RESPONSE**:

12. **INTERROGATORY**: Describe the business rules used to initiate or place calls from each of your telephone dialing system(s), and those of third parties and/or contractors calling consumers on your behalf, and the business rules for deploying artificial voice and/or pre-recorded messages to consumers and employed by third parties and/or contractors deploying pre-recorded and/or artificial voice messages on your behalf to consumers.

**RESPONSE**:

10

13. **INTERROGATORY**: Please identify by name or title, each and every manual used to assure compliance with the TCPA by you, including each available manual for the software systems you use to manage your telephoning efforts, including dialing software and prerecorded or artificial voice message system software.

    **RESPONSE**:

14. **INTERROGATORY**: Identify all persons (including third parties and/or contractors) and departments involved with the use or implementation of your telephone dialing system and/or Predictive Dialer(s) or use of Prerecorded or artificial voice messages. This should include all persons responsible for formulating, supervising, or enforcing your policies, procedures and practices concerning your TCPA compliance and include all persons involved in your legal, compliance and risk management departments. Include the name, work location, job title, job description and describe all ESI concerning that person with respect to dialers, pre-recorded messages, and artificial voice that exist.

    **RESPONSE**:

11

15. **INTERROGATORY**: Identify and explain all policies, practices and procedures regarding use of automatic dialing systems, prerecorded voice messages and artificial voice messages and the complete history of each. Please cite to bates numbers, include a detailed description of the policy, practices or procedures the date each was first considered, the date each was implemented and ceased, all persons involved in the consideration, implementation and if applicable, termination of each.  If any policy, practice or procedure changed over time, please explain the changes, and provide a timeline for each.

    **RESPONSE**:

16. **INTERROGATORY**: Identify and explain all policies, practices and procedures regarding verifying whether or not a consumer's phone number is on the National Do Not Call List and the how to handle consumers that have phone numbers on the National Do Not Call List. Please cite to bates numbers, include a detailed description of the policy, practices or procedures the date each was first considered, the date each was implemented and ceased, all persons involved in the consideration, implementation and if applicable, termination of each.  If any policy, practice or procedure changed over time, please explain the changes, and provide a timeline for each.

    **RESPONSE**:

17.  **INTERROGATORY**: Identify any authoritative resource, treatise, book, text, or other document which you or your experts believe to reflect the standard of care required of you in relation to the claims in this case or which is authoritative in relation to those claims.

    **RESPONSE**:

18.  **INTERROGATORY**: Identify all of your dialers, including those that are dialer services such as LiveVox and Soundbite, if any. Include the make, model, physical location, how they are used, and whether they were used to call Plaintiff's phone number.

    **RESPONSE**:

Dated: February 12, 2018

> Respectfully Submitted,
>
> By: /s/ Sylvia S. Bolos
> Sylvia S. Bolos (P47131)
> LYNGKLIP & ASSOCIATES
> CONSUMER LAW CENTER, PLC
> Attorney for Jane Keskitalo
> 24500 Northwestern Highway, Ste. 206
> Southfield, MI 48075
> (248) 208-8864
> SylviaB@MichiganConsumerLaw.com

13

## Certificate of Service

I hereby certify that on February 12, 2018, I served this documents on the following parties by the means indicated:

| Party | Manner Served |
|---|---|
| Beth-Ann Krimsky<br>Greenspoon Marder, LLP<br>200 East Broward Blvd., Ste. 1800<br>Fort Lauderdale, FL 33301 | Via First Class Mail and electronical mail to: Beth-Ann.Krimsky@gmlaw.com |
| Matthew S. Ponzi<br>Foran Glennon<br>222 N. LaSalle St., Ste. 1400<br>Chicago, IL 60601 | Via First Class Mail and electronical mail to: mponzi@fgppr.com |
| David R. Baxter<br>Gallagher Sharp, LLP<br>211 West Fort Street, Ste. 660<br>Detroit, MI 48226 | Via First Class Mail and electronical mail to: dbaxter@gallaghersharp.com |

Respectfully Submitted,

By: /s/ Sylvia S. Bolos
Sylvia S. Bolos (P47131)
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney for Jane Keskitalo
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
SylviaB@MichiganConsumerLaw.com

Dated: February 12, 2018