# LYNGKLIP & ASSOCIATES
## CONSUMER LAW CENTER, PLC
### PROTECTING MICHIGAN CONSUMER RIGHTS SINCE 1993

**Ian B. Lyngklip**
Ian@MichiganConsumerLaw.com
**Priya Bali**
Priya@MichiganConsumerLaw.com
**Sylvia Bolos**
SylviaB@MichiganConsumerLaw.com
**Wedad Ibrahim**
WedadI@MichiganConsumerLaw.com
*of Counsel* Julie A. Petrik & Gary M. Victor

24500 Northwestern Highway, Suite 206, Southfield, MI 48075 • 248-208-8864 • www.MichiganConsumerLaw.com

February 12, 2018

Beth-Ann Krimsky
Greenspoon Marder, LLP
200 East Broward Blvd., Ste. 1800
Fort Lauderdale, FL 33301

Matthew S. Ponzi
Foran Glennon
222 N. LaSalle St., Ste. 1400
Chicago, IL 60601

David R. Baxter
Gallagher Sharp, LLP
211 West Fort Street, Ste. 660
Detroit, MI 48226

Re: **Keskitalo v SunPath, Ltd.** *et al.*
**Eastern District of Michigan -- Southern Division**
**Case 2:17-cv-11761**

Counsel:

Enclosed please find Plaintiff's First Set of Requests for Production to SUNPATH LTD and Proof of Service. Please respond to these in the usual fashion. If you encounter any difficulties in responding or anticipate any objections, please contact my office in advance of your response so that we can resolve any difficulties informally.

Very truly yours,

LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC

*Sylvia S. Bolos*

enclosures
cc: Jane Keskitalo

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

JANE KESKITALO
    Plaintiff,

-vs-                                        Case No. 2:17-CV-11761
                                              Hon. Bernard A. Friedman
                                              Magistrate: Mona K. Majzoub

SUNPATH, LTD.
*et al.*
    Defendants.

### JANE KESKITALO'S FIRST SET OF REQUESTS FOR PRODUCTION TO SUNPATH LTD.

*Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff hereby requests that SUNPATH LTD., ("SunPath"), produce within (30) days, the documents for inspection and copying and the electronically stored information described herein. In accordance with Rule 34(b), Defendant shall provide written responses to the following requests and shall produce the requested documents as they are kept in the ordinary and usual course of business or shall organize and label the documents to correspond with the categories in this request.*

*When responding to these discovery requests, you are instructed to refer to and follow the Definitions and Instructions enclosed herein.*

*Unless otherwise stated in the request, the documents sought are limited to those used or created within the four years preceding the filing of the complaint.*

## INSTRUCTIONS

1. If Defendant withholds the production of any document which is responsive to the following requests on the grounds that the document is privileged or otherwise protected, Defendant shall state in a privilege log (a) the nature of the claim of privilege or protection; and (b) describe generally the type and nature of the document; (c) the date of the document; (d) the identity of the author(s), (e) the addressees, (f) any recipients of the document; (g) the document's present location; and (h) any other information that will enable PLAINTIFF and the Court to assess the applicability of the privilege or protection.

2. All requests for computerized data are to be produced in a computer-readable format.

3. Defendant is required to produce all the requested documents which are in its possession, custody or control, including (by way of illustration only and not limited to) documents in the possession, custody or control of Defendant or its affiliates, or its merged and acquired predecessors, its present and former directors, officers, partners, employees, accountants, attorneys or other agents, its present and former independent contractors over which it has control, and any other PERSON acting on Defendant's behalf.

4. If a DOCUMENT responsive to these requests was at any time in Defendant's possession, custody or control but is no longer available for production, as to each such DOCUMENT state the following information:

    a. Whether the DOCUMENT is missing or lost;

    b. Whether the DOCUMENT has been destroyed;

    c. Whether the DOCUMENT has been transferred or delivered to another PERSON and, if so, at whose request;

    d. Whether the DOCUMENT has been otherwise disposed of; and

    e. The circumstances surrounding the disposition of the DOCUMENT and the date of its disposition.

  5. Wherever the word "or" appears herein, the meaning intended is the logical inclusive "or," i.e., "and/or."

  6. These Requests shall be deemed continuing so as to require seasonable supplemental responses as the Defendant or its attorneys obtain further information or materials from the time its answers are served until the time of trial.

## DEFINITIONS

The following terms shall have the following meanings:

  1. "DOCUMENT" or "DOCUMENTS" as used herein shall refer to all writings of every kind pertaining to the subject-matter of this litigation including, but not limited to, the original or any legible copy of all records, letters, correspondence, appointment books, diaries, files, notes, statements, memoranda or minutes of meetings, conferences and telephone calls, receipts, written reports or opinions of investigators or experts, status reports, drawings, press releases, charts, photographs, negatives, brochures, lists, messages, email messages, intranet messages, citizen complaints, schedules, manuals, technical notes or standards, expense accounts, financial statements or audit reports, tickets, infractions, dockets, judgments, collections actions, court files, however produced or reproduced or archived or stored, within YOUR possession or subject to YOUR control, of which YOU have knowledge or to which YOU now have or

previously had access, including all ELECTRONICALLY STORED INFORMATION.

2. "ELECTRONICALLY STORED INFORMATION" ("ESI") as used herein has the same full meaning as construed by Fed. R. Civ. P. 26 and 34 and includes, without limitation, the following:

a. Activity listings of electronic mail receipts and/or transmittals;

b. Output resulting from the use of any software program, including without limitation word processing DOCUMENTS, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger (or similar program) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether such electronic data exist in an active file, deleted file, or file fragment; and

c. Any and all items stored on computer memories, hard disks, network servers, individual computer workstations or clients, thumb drives, jump drives, CDs, DVDs, cloud servers, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other vehicle for digital data storage and/or transmittal, including without limitation a personal digital assistant, smartphone and/or tablet, e.g., iPhone, Droid, Blackberry, Galaxy, HTC, iPad, iPod, Kindle, Nook or other device. PLAINTIFF requests that ESI be processed and produced in a manner that preserves all metadata and that the parties confer regarding the production of metadata and the form or any electronic production prior to the gathering or processing of ESI.

3. "PLAINTIFF" means Jane Keskitalo.

4. "PLAINTIFF'S PHONE NUMBER" refers to the phone number: █████

5. "SunPath" means SunPath, Ltd., and includes, without limitations, any offices and

locations of SunPath as well as any of its divisions, affiliates, subsidiaries, successors, predecessors, present or former officers, directors, employees, agents, attorneys or representatives, and all other PERSONS or entities acting, purporting to act or authorized to act on its behalf.

6. "AUTOMATIC TELEPHONE DIALING SYSTEM" OR "ATDS" means equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers, as defined by 47 U.S.C. § 227(a)(1).

7. "AUTOMATED CALL" or "AUTOMATED CALLS" means a telephone call initiated using an ATDS or predictive dialer and/or an automated or prerecorded voice.

8. "CALLS" or "CALL" means those AUTOMATED CALLS made by SunPath or a SunPath VENDOR to PLAINTIFF at any time from four years before the filing of the complaint to the present, including all CALLS made by an ATDS or predictive dialer.

9. "POLICY" or "POLICIES" means any practice, procedure, directive, routine, rule, course of conduct or code of conduct, written or unwritten, formal or informal, recorded or unrecorded, which were or have been recognized, adopted, issued or followed by YOU.

10. "YOU" or "YOUR" means SunPath and/or any managers, directors, administrators, officers, executives, agents, contractors, fiduciaries, all employees or other representatives of SunPath.

11. "DATABASE" or "DATABASES" includes any collection of data defined so that it can be reorganized and accessed in a number of different ways; any collection of data for one or more purposes, usually in digital form; a comprehensive collection of related data organized for convenient access, generally in a computer; a collection of information that is organized so that it

can easily be accessed, managed, and updated; or a structured set of data held in a computer.

12. "PERSON" or "PERSONS" means any individual, partnership, association, corporation, joint venture, governmental or administrative body, or other business or legal entities.

13. "VENDOR" or "VENDORS" means any THIRD PARTY under contract with, hired by, employed by, paid by, or working for YOU to make AUTOMATED CALLS.

## PRODUCTION REQUESTS

1. **PRODUCE:** All documents relating to Plaintiff's identifiers.
   **RESPONSE:**

2. **PRODUCE:** Each and every document that refers to any instance in which you dialed Plaintiff's phone number or caused Plaintiff's phone to ring.
   **RESPONSE:**

3. **PRODUCE:** Each and every recording made or approved by you of any conversation or call to Plaintiff's phone number.
   **RESPONSE:**

4. **PRODUCE:** The prerecorded or artificial voice message(s) you conveyed to Plaintiff and any script for such message(s).
   **RESPONSE:**

5. **PRODUCE:** Documents identifying the telephone service provider(s) engaged by you to provide outbound calling.

   **RESPONSE:**

6. **PRODUCE:** Documents identifying the phone number(s) from which you or your vendor(s) and/or contractors make outbound calls.

   **RESPONSE:**

7. **PRODUCE:** A copy of every report which you or any third party on your behalf is capable of producing relating to calls placed by your predictive dialer directed to Plaintiff's phone number. If possible, please produce these documents in PDF searchable format.

   **RESPONSE:**

8. **PRODUCE:** All documents involving or constituting communications between you and Plaintiff.

   **RESPONSE:**

9. **PRODUCE:** Any documents you may rely on to establish that Plaintiff consented to be called at her respective phone number.

   **RESPONSE:**

10.  **PRODUCE:** All documents concerning or relating to any effort, ever, by you to determine a process, policy or practice whereby you could determine whether a telephone number is or was a cellular number.

**RESPONSE:**

11. **PRODUCE:** All documents concerning or relating to any effort, ever, by you to determine a process, policy or practice whereby you could determine whether a telephone number is or was on the National Do Not Call Registry.

**RESPONSE:**

12. **PRODUCE:** All documents relating to the maintenance by you of policies, practices, or procedures adapted to avoid calling telephone numbers of persons who did not consent, or revoked consent, to be called on their cellular phones.

**RESPONSE:**

13. **PRODUCE:** All documents concerning or relating to any effort, ever, by you to determine a process, policy, or practice whereby you could use your Predictive Dialer or artificial or prerecorded voice message and still comply with the TCPA.

    **RESPONSE:**

14. **PRODUCE:** All organizational charts of Defendant showing personnel.

    **RESPONSE:**

15. **PRODUCE:** All documents evidencing telephone messages, recorded calls, log books or other regularly maintained records by you which contain information about communications between you and Plaintiff.

    **RESPONSE:**

16. **PRODUCE:** Any policy, procedure or practice for compliance with the TCPA.

    **RESPONSE:**

17. **PRODUCE:** All manuals, memorandum, instructions, and other documents that discuss, describe, or set forth standards, criteria, guidelines, policies or practices relating to the TCPA as they relate to making calls using a Predictive Dialer and/or artificial or prerecorded voice message.

    **RESPONSE:**

18. **PRODUCE**: A copy of all testimony relating to your dialers, or policies, practices or procedures related to the use of Predictive Dialers and/or artificial or prerecorded voice messages. This includes deposition testimony, declarations and affidavits.

    **RESPONSE**:

19. **PRODUCE**: Any policy, procedure or practice relating to the use of artificial or prerecorded voice messaging system used by you within the four years preceding the complaint.

    **RESPONSE**:

20. **PRODUCE**: Any policy, procedure or practice relating cease and desist demands or wrong person notifications.

    **RESPONSE**:

21. **PRODUCE**: All manuals for any software used by you to program or maintain any predictive dialer. This request is limited to manuals that were applicable at the time of the acts alleged in the complaint.

    **RESPONSE**:

22. **PRODUCE**: All licenses or permits relating to or authorizing your use of any telephone dialing equipment or prerecorded or artificial voice messaging equipment.

    **RESPONSE**:

23.  **PRODUCE:** All of your filings to any local, state or federal agency for your telephone dialing equipment or prerecorded or artificial voice messaging equipment.

**RESPONSE:**

24.  **PRODUCE:** Copies of any complaints received by you from any consumer about your calling practices and your response to those complaints.

**RESPONSE:**

25.  **PRODUCE:** Copies of any complaints received by you from any consumer that you were calling the wrong person and your response to those complaints.

**RESPONSE:**

26.  **PRODUCE:** Any bulletin, manual, memoranda or other document which establishes compliance with any procedure promulgated by you to prevent violations of the TCPA.

**RESPONSE:**

27.  **PRODUCE:** Copies of any complaints whether filed in a court of law or with any regulatory agency filed against you alleging violations of the TCPA.

**RESPONSE:**

28.  **PRODUCE:** Any bulletin, manual, memoranda or other document which establishes any

procedure promulgated by you to identify telephone numbers as cell phone numbers.

**RESPONSE:**

29. **PRODUCE:** Any documents you received from any third party related to this case via discovery request, FOIA request or subpoena.

    **RESPONSE:**

30. **PRODUCE:** All organizational charts of defendant showing corporate ownership and/or corporate structure.

    **RESPONSE:**

31. **PRODUCE:** Any insurance policies in place at the time of the incidents at issue in the complaint or currently, covering you for violations of the TCPA.

    **RESPONSE:**

32. **PRODUCE:** Any and all expert reports that were or will be relied upon, in whole or in part, or which were produced by any expert retained by you.

    **RESPONSE:**

33. **PRODUCE:** Any and all expert reports which have been prepared in connection with this lawsuit or the incident giving rise to this lawsuit, if the expert is expected to or may testify

in this case.

**RESPONSE**:

34.   **PRODUCE**: Copies of any statements you have taken or received from any third person in any way connected with this action.

    **RESPONSE**:

35.   **PRODUCE**: Any other memoranda, correspondence, telephone logs, or similar materials, relating in any way to the subject matter of this action.

    **RESPONSE**:

36.   **PRODUCE**: Any other documentary evidence that relates to any Defendants' affirmative defenses in this lawsuit.

    **RESPONSE**:

37.   **PRODUCE**: Any other documentary evidence that relates to the claims against any Defendant in this lawsuit.

    **RESPONSE**:

38.   **PRODUCE**: Any other documentary evidence that you intend to produce at trial.

    **RESPONSE**:

                              Respectfully Submitted,

                              By: /s/ Sylvia S. Bolos
                              Sylvia S. Bolos (P47131)
                              LYNGKLIP & ASSOCIATES
                              CONSUMER LAW CENTER, PLC
                              Attorney for Jane Keskitalo
                              24500 Northwestern Highway, Ste. 206
                              Southfield, MI 48075
                              (248) 208-8864
                              SylviaB@MichiganConsumerLaw.com

Dated: February 12, 2018

## Certificate of Service

I hereby certify that on February 12, 2018, I served this documents on the following parties by the mean indicated:

| Party | Manner Served |
|---|---|
| Beth-Ann Krimsky<br>Greenspoon Marder, LLP<br>200 East Broward Blvd., Ste. 1800<br>Fort Lauderdale, FL 33301 | Via First Class Mail and electronical mail to: Beth-Ann.Krimsky@gmlaw.com |
| Matthew S. Ponzi<br>Foran Glennon<br>222 N. LaSalle St., Ste. 1400<br>Chicago, IL 60601 | Via First Class Mail and electronical mail to: mponzi@fgppr.com |
| David R. Baxter<br>Gallagher Sharp, LLP<br>211 West Fort Street, Ste. 660<br>Detroit, MI 48226 | Via First Class Mail and electronical mail to: dbaxter@gallaghersharp.com |

Respectfully Submitted,

By: _____
Sylvia S. Bolos (P47131)
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney for Jane Keskitalo
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
SylviaB@MichiganConsumerLaw.com

Dated: February 12, 2018